HARRIS, Judge.
In this construction contract, the parties were aware of a possible soil problem. Stamm purchased property that he knew contained pockets of muck. He had a contractor remove the muck and replace it with clean fill before he contracted with Native Homes to construct his new residence. The construction contract acknowledged that the fill work had previously been performed and “assumed” that the lot was buildable. This assumption proved false when it became apparent that the original contractor had not cleared and demucked the location where the residence was to be built. Although the contract provided that should subsurface conditions require additional expense it would be borne by the buyer, the court found that a mutual mistake caused the original assumption that the lot was construction ready and that the contract was thus voidable. In effect, the court determined that although the parties contemplated that there might be some additional costs incident to soil preparation, they did not contemplate an additional “$20,000 to $46,000” expense for that purpose. We find this determination within the trial court’s purview and affirm.
We agree with appellants, however, that the court erred in not awarding them attorney’s fees in successfully defending Stamm’s claims of unfair and deceptive trade practices. Although under the statute, the prevailing party may be entitled to attorney’s fees and costs, under the facts of this case to deny the prevailing appellants attorney’s fees and costs was an abuse of discretion.
AFFIRMED in part; REVERSED in part and REMANDED for imposition of attorney’s fees and costs.
DAUKSCH and PETERSON, JJ., concur.